UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, ILLINOIS

| | |
|---|---|
| GEORGE HOLLIDAY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO: 15-cv-00290-MJR |
| ) | |
| SHERIFF LAKIN, ROBERT HERTZ, ) | |
| GARY BOST, DON MCNAUGHTON, ) | |
| TIM WALKER, MIKE TASSOME, DR. ) | |
| ROBERT BLAKENSHIP, SERGEANT ) | |
| DOVER, NURSE ALYSEA, and NURSE ) | |
| BOBBY, ) | |
| ) | |
| Defendants, ) | |

**DEFENDANT ROBERT HERTZ'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, ROBERT HERTZ, by and through his attorneys, HOAGLAND, FITZGERALD & PRANAITIS, and pursuant to Local Rule 7.1(c), submits his combined Motion and Memorandum of Law in support of his Federal Rules of Civil Procedure Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Federal Rules of Civil Procedure Rule 56 Motion for Summary Judgment. In support of said Motion, Defendant states as follows:

**INTRODUCTION**

On March 16, 2015, Plaintiff filed a Civil Rights Complaint alleging violations of 42 U.S.C. §1983. (Doc. 1). In said Complaint, Plaintiff alleges deprivations of his constitutional rights with respect to the conditions of his confinement. On November 2, 2015, Chief District Judge Reagan reviewed Plaintiff's Complaint pursuant to 28 U.S.C.

§1915A and issued a Memorandum and Order. (Doc. 14). In said Order, Judge Reagan divided Plaintiff's actions into three counts. Only Count I is directed against Mr. Hertz. Count I of the Plaintiff's Complaint is brought against Mr. Hertz in his individual capacity only. The Form Complaint completed by Plaintiff lists Defendant one as "Sheriff Lakin" as "Sheriff of Madison County". Plaintiff lists Defendant two as "Sheriff Robert Hertz" as "ex-Sheriff of Madison County." The Form contains the following question:

> At the time the claim(s) alleged in the Complaint arose, was Defendant #2 employed by the state, local, or federal government?

The question contains boxes to be marked either yes or no. The Plaintiff marked the box labeled yes. Immediately under the question, the following appears: If you answer YES, briefly explain.

> The Plaintiff responded to the question as follows:
>
> Defendant Sheriff Robert Hertz was acting under state law an[d] was a[n] state employee with the City of Edwardsville, County of Madison in the State of Illinois.
>
> Robert Hertz was the Madison County Sheriff from 2002 to December 1, 2014.

Attached hereto and incorporated herein as Exhibit A is the Affidavit of Robert Hertz. Robert Hertz has not been employed in the Madison County Sheriff's office since December 1, 2014. Mr. Hertz was not the Sheriff and was not employed at the Madison County Sheriff's office at the time of the events alleged in Plaintiff's Complaint. (Exhibit A).

Under the Statement of Claim portion of Plaintiff's Complaint, he states, "Count I is summarized in a memorandum of law with its discoveries of the actual events filed in the back of these forms listed separately." (Doc. 1, pg. 5).  Count I of the Complaint has been labeled as "(Count I) Memorandum of Law."  This Count alleges that while Plaintiff was confined as a pretrial detainee at the Madison County Jail he was exposed to various conditions which violated his constitutional rights.  According to the allegations in the Complaint, these conditions first manifested on December 27, 2014, occurred again on December 28 2014, December 29, 2014, January 5, 2015, and March 11, 2015.  (See Doc. 1, Count I of the Complaint).

Count I of the Plaintiff's Complaint contains no allegations that Plaintiff had any interactions with Mr. Hertz or that Mr. Hertz was aware of the alleged conditions of the jail at the times identified in the Complaint.  In fact, there is only one sentence that even mentions the word "Sheriff."  Page seven of Count I of the Complaint states as follows:

> I have and other detainees have asked countless Deputies, Sergeants, Lieutenants, about  the raw sewage problem they state the Sheriff, Captains, Jail Superintendent even the City knows of the raw sewage problem here at the jail and says the voters turned down the jails upgrade and there is no funding to fix the problem and basically tells us we will remain to be subject to these inhumane conditions.

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 with respect to Mr. Hertz, and should be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) or, in the alternative, summary judgment should be granted for Defendant in accordance with Federal Rules of Civil Procedure Rule 56.  Specifically, as Mr. Hertz has attached materials outside the Complaint in support of the arguments set forth in this

Motion, Mr. Hertz is requesting that the Motion to Dismiss be treated as a Motion for Summary Judgment.

## CONVERTING A RULE 12(b)(6) MOTION TO SUMMARY JUDGMENT

Federal Rules of Civil Procedure Rule 12(d) provides, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed.R.Civ.P. 12(d)*; See also *Jacobs v. City of Chicago*, 215 F.3d 758 (7th Cir. 2000) (when a defendant files a motion to dismiss and presents matters outside the complaint, the court may either disregard the extraneous submissions or convert the motion to one for summary judgment).

Here, Mr. Hertz has submitted with this Motion an affidavit. Clearly, this extraneous material is considered matters outside the pleadings. As such, Defendant is requesting that the Court treat this Motion as one for summary judgment.

## LAW AND ANALYSIS

1. Robert Hertz is Entitled to Summary Judgment Because he was not a "Government Official" Acting Under "Color of Law" at the Time of the Allegations Contained in the Complaint.

Personal-capacity civil rights suits seek to impose personal liability on a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473, U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985); see also, *Hadi v. Horn*, 830, F.2d 779, 782 (7th Cir. 1987) (finding that an individual capacity suit is an action against a government official for acts committed by that official under color of state law). In short,

before a defendant can be subject to a personal capacity civil rights suit, a defendant must be: (1) a government official, and (2) acting under the color of state law.

In his Complaint, Plaintiff attempts to assert a claim for deprivations of his Constitutional rights with respect to the conditions of his confinement. In particular, Plaintiff alleges that on December 27, 2014, December 28 2014, December 29, 2014, January 5, 2015, and March 11, 2015, he was exposed to raw sewage and/or denied clean drinking water. However, all of the alleged exposure occurred after Mr. Hertz had left the Madison County Sheriff's office. In other words, at the times alleged in Plaintiff's Complaint, Mr. Hertz was not a government official, nor was he working under color of state law. Accordingly, Plaintiff cannot make a claim against Mr. Hertz under 42 U.S.C. § 1983, and Mr. Hertz is entitled to summary judgment.

> 2. Count I of the Complaint Fails to State a Cause of Action Because the Complaint Fails to Allege that Mr. Hertz was Aware or had Knowledge of the Alleged Conditions.

Even assuming, *arguendo*, that Mr. Hertz was a government official and acting under color of state law at the times alleged in the Complaint, the Plaintiff's Complaint nevertheless fails because Plaintiff's Complaint contains no allegations that Mr. Hertz caused the alleged conditions at the jail, was aware or had knowledge about the alleged conditions of the jail, or acted with deliberate indifference with regard to the Plaintiff's constitutional rights.

To establish a personal liability claim, the plaintiff must show that the government officer caused the deprivation of the federal right. *Luck v. Rovenstine,* 168 F.3d 323, 327 (7th Cir. 1999), see also, *Wells v. Bureau County Sheriff*, 723 F.Supp.2d 1061, 1080-81

(C.D.IL 2010) (summary judgment granted to Sheriff where the record was devoid of evidence indicating that Sheriff had any direct contact with Plaintiff, and information known or readily knowable to Sheriff did not amount to showing of actual knowledge); *Smith v. Rowe*, 761 F.2d 360, (7th Cir. 1985)(finding that to establish liability under §1983 a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right, or that defendant had knowledge and consented to the constitutional deprivation, or a deliberate and reckless disregard of plaintiff's constitutional rights).

In this case, the Plaintiff's Complaint is completely devoid of any allegations against Mr. Hertz.  Count I of the Complaint does not allege that Mr. Hertz was the party personally responsible for causing the alleged sewer backups, or for failing to give Plaintiff clean drinking water, does not allege that Mr. Hertz was aware of the sewer backup problems, and does not allege that Mr. Hertz acted with deliberate and reckless disregard of Plaintiff's constitutional rights.  Indeed, Mr. Hertz's name only appears twice in the Complaint:  In the caption of the Complaint; and as Defendant two Sheriff "Robert Hertz" as "ex-Sheriff of Madison County."

The body of the Complaint, however, only references the "Sheriff, Captains, Jail Superintendent and City" as having knowledge of the alleged constitutional deprivations.  At the time the Plaintiff filed his Complaint on March 16, 2015, Defendant Lakin was the Sheriff of Madison County.  Indeed, Plaintiff has named Defendant Lakin as Defendant one in his Complaint, and has acknowledged that Defendant Lakin is the Sheriff of

Madison County, Illinois.  Accordingly, Plaintiff has failed to state a cause of action against Mr. Hertz and Mr. Hertz is entitled to a dismissal of Count I of the Complaint.

    3.    Plaintiff's Complaint Fails to State a Cause of Action because Mr. Hertz did not Control the Funding Available to the Jail.

Pretrial detainees fail to state a cause of action under § 1983 against officials in their individual capacities in connection with jail conditions where the allegations do not claim that the officials personally caused the conditions, officials were merely custodians at jail and could not assign or appropriate funds to improve conditions, and it was not alleged they intentionally withheld available resources that could have improved conditions at jail.  *Stone-El v. Sheahan*, 914 F.Supp. 202, 205 (N.D.IL 1995), citing *Houston v. Sheahan*, 62 F.3d 902, 903 (7th Cir.1995).

    Plaintiff's Complaint acknowledges that the jail conditions were not created by the Mr. Hertz, or any of the jail staff, but rather were caused by the need for maintenance or replacement of the sewer lines.  (Complaint, Count I, pg. 7).  Plaintiff also acknowledges in his Complaint that the voters of Madison County, Illinois voted down a measure to raise funds for maintenance and/or repairs to the Madison County Jail.  Indeed, under Illinois law, a sheriff does not have the authority to appropriate and provide funds necessary to perform his or her duties.  Rather, this is the responsibility of the Madison County Board.  See, 55 ILCS 5/3-151015.

    As in *Stone-El*, here, the Plaintiff does not and cannot content that Mr. Hertz personally caused the alleged conditions at the Madison County Jail, he does not and cannot contend that Mr. Hertz has the ability to appropriate funds to the jail to improve

the conditions, and he has not and cannot allege that Mr. Hertz intentionally withheld available resources that could have improved the conditions of the jail.  Accordingly, Plaintiff has failed to state a cause of action against Mr. Hertz, and Mr. Hertz is entitled to a dismissal of Count I of the Complaint.

  WHEREFORE, Defendant ROBERT HERTZ respectfully requests this Court to grant his Motion for Summary Judgment or, alternatively, grant his Motion to Dismiss, and for all other relief deemed just and necessary under the circumstances.

        HOAGLAND, FITZGERALD & PRANAITIS


        BY: /s/ Stephen J. Maassen
          STEPHEN J. MAASSEN, #01717944
          401 Market Street, P.O. Box 130
          Alton, IL  62002
          618-465-7745/Fax 465-3744
          maassen@il-mo-lawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he has caused a true copy of the foregoing document(s) to be served upon the individual named below by causing same to be placed in sealed envelope(s), clearly addressed as aforesaid, with postage fully prepaid, and by depositing same in the United States mail at Alton, Illinois, on January 4, 2016, before 5:00 p.m.

George Holliday, #23993
Saline County Detention Center
One North Main Street
Harrisburg, IL  62946
PRO SE PLAINTIFF (prisoner)

The undersigned attorney hereby certifies that he has caused a true copy of the foregoing document to be served upon the attorney of record named below by causing same to be electronically filed and served through to the Court's electronic filing system on January 4, 2016, before 5:00 p.m.

Heidi Eckert, Esq. – heckert@lowenbaumlaw.com
Kristine D. Seaman, Esq. - kseaman@lowenbaumlaw.com
Lowenbaum Law
222 South Central Avenue
Suite 901
Clayton, MO  63105
direct 314-746-4845
ATTORNEY FOR DEFENDANTS

                         HOAGLAND, FITZGERALD & PRANAITIS

                        BY: /s/ Stephen J. Maassen
                            STEPHEN J. MAASSEN, #01717944
                            401 Market Street, P.O. Box 130
                            Alton, IL  62002
                            618-465-7745/Fax 465-3744
                            maassen@il-mo-lawfirm.com