UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE HOLLIDAY, SR., <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF LAKIN, ROBERT HERTZ, GARY BOST, DON McNAUGHTON, MIKE TASSONE, MATTHEW DOVER, ALISIA RUSHING and BARBARA UNFRIED, <br><br> Defendants. | Case No. 15-cv-290-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Stephen C. Williams recommending that the Court grant in part and deny in part the defendants' motion for summary judgment (Doc. 60) and deny plaintiff George Holliday Sr.'s motion for summary judgment (Doc. 64). Holliday has objected to the Report (Doc. 77).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### I.     The Report and Objections

Magistrate Judge Williams recounts in the Report that at all relevant times Holliday was a pretrial detainee at the Madison County Jail ("Jail"). During his detention, the Jail sewer

experienced a problem, and raw sewage backed up from drains and toilets into Holliday's cell. The back-ups occurred on two occasions, first around December 27-28, 2014, and again around March 17-18, 2015. Holliday filed this lawsuit alleging the defendants violated his Fourteenth Amendment due process rights by subjecting him to unsafe and unsanitary conditions of confinement (Count 1) and by failing to provide needed medical care following his exposure to those conditions (Counts 2 and 3).

The Report recommended that the Court deny summary judgment as to defendants McNaughton, Tassone and Dover based on their failure to provide Holliday with cleaning supplies and water during the December 2014 sewer backups but grant summary judgment to those defendants as to the March 2015 backups. It further recommends the Court grant summary judgment for defendants Lakin, the sheriff of Madison County, and Bost, the jail administrator, with respect to both the December 2014 and March 2015 sewer backups, and for defendants Rushing and Bost on Holliday's medical care claims.

No party has objected to Magistrate Judge Williams's recommendation to deny summary judgment to McNaughton, Tassone and Dover for their December 2014 conduct or to grant summary judgment for Rushing and Bost based on medical care. The Court has reviewed the portion of the Report making those recommendations for clear error and finds none. Accordingly, the Court will adopt those portions of the Report and will deny summary judgment to McNaughton, Tassone and Dover based on the December 2014 sewer backups (part of Count 1) and will grant summary judgment for Rushing and Bost based on medical care (Counts 2 and 3).

Holliday objects to the Report to the extent it recommends granting summary judgment for McNaughton, Tassone and Dover based on their conduct in connection with the March 2015

sewer backups and to the extent it recommends granting summary judgment for Lakin and Bost in connection with both sewer backups. The Court reviews those aspects of the Report *de novo*.

**II. Analysis**

    A.    <u>March 2015 Sewer Backups: McNaughton, Tassone and Dover</u>

In his objection, Holliday argues that the Report failed to address whether the March 2015 backups were objectively serious, analyzing only the subjective component of an Eighth Amendment conditions of confinement claim. Such a claim required proof of both an objective component – conditions that deny the minimal civilized measure of life's necessities – and a subjective component – a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

It is true that Magistrate Judge Williams did not address the objective component of Holliday's conditions of confinement claim based on the March 2015 sewer backups. Instead, he based his recommendation on the fact that no jury could find the defendants had a sufficiently culpable state of mind—that is, that they were deliberately indifferent to the sewer backup— where they "responded to the backup by calling maintenance, the backup was remedied quickly as Plaintiff testified to, and Plaintiff had an ability to get away from the sewage during the backup and was provided with cleaning supplies afterwards." Report at 20. Magistrate Judge Williams did not need to discuss the objective component of the claim because he found that Holliday could not prove the other essential component of the claim, subjective deliberate indifference. Where Holliday cannot prove the defendants were deliberately indifferent, whether the conditions posed a serious risk to Holliday's health or safety does not matter.

Holliday has not objected to Magistrate Judge Williams's findings that no reasonable jury could find the defendants deliberately indifferent, and the Court finds no clear error in those

3

findings. Accordingly, the Court will adopt the portion of the Report recommending summary judgment for McNaughton, Tassone and Dover on Count 1 to the extent it was based on the March 2015 backups.

B. <u>Sewer Backups: Lakin and Bost</u>

In his objection, Holliday argues that Magistrate Judge Williams does not sufficiently grapple with whether Lakin and Bost were deliberately indifferent to the sewer backups that occurred at the jail. Holliday argues that Bost's and Lakin's response to the sewer backups was to do nothing to prevent further backups and to fail to suggest solutions to the Madison County Board, which was responsible for the jail building.

It is clear that both Bost and Lakin, to different degrees, understood that there were problems with the jail's sewer. However, the Madison County Board was the entity responsible for the physical jail building, including the sewer system. It generally was not part of the sheriff's job to make recommendations to the Board, and neither Lakin nor Bost had the authority to make changes to the sewer system on his own. Holliday acknowledges that prison officials are not liable for harm caused by matters beyond their control. *See Moore v. Winebrenner*, 927 F.2d 1312, 1317 n.1 (4th Cir. 1991) (citing *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 561 (1st Cir. 1988)). Thus, Lakin and Bost are not deliberately indifferent because the condition of the sewer was not under their control and was not their responsibility.

Additionally, at the time of the sewer backups at issue in this case, the Board was already aware of the sewer problem and had a renovation plan that included installing grinders in the sewer system to break down items that might otherwise cause backups. Neither Lakin nor Bost can be found to be deliberately indifferent for failing to recommend an improvement the Board

4

had already proposed to deal with a problem it already knew about.

Holliday also claims there were lesser preventive measures than installing grinders that Lakin and Bost could have done on their own without Board approval. It is true that a defendant may be liable for not doing something within his control, *see Moore*, 927 F.2d at 1317 n.1, but Holliday has not even hinted at what those measures might have been. The bottom line is that Lakin delegated the matter to Bost, who administered the jail on a day-to-day basis, and that Bost implemented a policy to call on maintenance to fix backups as expeditiously as possible and to provide inmates with appropriate cleaning supplies afterward. No reasonable jury could find this amounted to deliberate indifference.

For these reasons, the Court will adopt the portion of the Report recommending summary judgment for Bost and Lakin on Count 1. The Court is dismayed, however, by Madison County's apparent failure to remedy a known problem that seems to have regularly exposed detainees at the jail to inhumane conditions. It is only a matter of time before a detainee exposed to those conditions sues the responsible defendant, who may then be held liable for the deplorable conditions. The Court is heartened that it appears Madison County has received bids for a massive jail renovation project. Scott Cousins, *Prospective contractors for Madison County Jail renovation tour facility: Bids due March 7 on $9 million project*, The Telegraph, Feb. 14, 2018, https://www.thetelegraph.com/news/article/Prospective-contractors-for-Madison-County-Jail-12712480.php (visited Mar. 8, 2018). The Court sincerely hopes the renovation project, including improvements to the sewer system, proceeds expeditiously.

## III. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 72);

- **OVERRULES** Holliday's objections (Doc. 77);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 60). The motion is granted to the extent it seeks summary judgment:
    - in favor of McNaughton, Tassone and Dover on Count 1 based on the March 2015 sewer backups;
    - in favor of Lakin and Bost, in their individual and official capacities, on Count 1;
    - in favor of Rushing on Count 2; and
    - in favor of Bost Count 3.
  
  The motion is denied in all other respects;

- **DENIES** Holliday's motion for summary judgment (Doc. 64); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants Lakin, Bost and Rushing are terminated from this case. The only claim remaining for trial is Count 1 against McNaughton, Tassone and Dover based on the December 2014 sewer backups. The Court further **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Williams's chambers on or before May 1, 2018.

**IT IS SO ORDERED.**
**DATED: March 14, 2018**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**